UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDY D. HILTON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:20-CR-00009-DCLC-CRW |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court after remand from the United States Court of Appeals for the Sixth Circuit. The Honorable J. Ronnie Greer, United States District Judge, had previously denied Defendant Brandy D. Hilton's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) after finding that she was ineligible for such relief because her sentence was based on statutory mandatory minimums rather than a Guidelines sentencing range subsequently lowered by the Sentencing Commission. [Doc. 86]. On appeal, the Sixth Circuit disagreed and vacated that decision. *United States v. Hilton*, 190 F.4th 478 (6th Cir. 2026). The Sixth Circuit held that Defendant's sentence was based on her Guidelines range, notwithstanding the mandatory minimum and her subsequent sentence reduction under Rule 35(b). The Sixth Circuit also held that Amendment 821, which reduced Defendant's criminal history category from IV to III, lowered her Guidelines range from 120-131 months to 106-117 months. Because Defendant had previously received a substantial assistance reduction under Rule 35(b), U.S.S.G. § 1B1.10(c) required the amended range to be calculated without application of the statutory minimums in the manner argued by the Government. The Sixth Circuit concluded that Defendant had satisfied the threshold

requirement of § 3582(c) and remanded the case back to this Court to determine whether a sentence reduction was authorized by the applicable Sentencing Commission policy statements and warranted under the factors set forth in 18 U.S.C. § 3553(a).

Following the Sixth Circuit's mandate issued on October 23, 2026, the Government filed a Supplemental Response [Doc. 115], and Defendant replied [Doc. 117]. Because Defendant is eligible for a sentence reduction and the relevant § 3553(a) factors support it, Defendant's motion to reduce sentence [Doc. 80] is **GRANTED**.

## I. BACKGROUND

On June 23, 2020, Defendant pleaded guilty to one count of possession with intent to distribute five grams or more of methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking offense. Her offense level of 21 and criminal history category of IV yielded a range of 57 to 71 months for the drug offense. The criminal history score included two points under U.S.S.G. § 4A1.1(d) because she committed the offense while under a criminal justice sentence. The drug offense carried a 60-month mandatory minimum, and the firearm offense required an additional, consecutive 60 months. Applying U.S.S.G. § 5G1.1 and 5G1.2, the Court calculated Defendant's effective Guideline range to be 120-131 months' imprisonment. The Court sentenced her to 120 months' imprisonment.

In October 2021, the Government moved to reduce Defendant's sentence under Rule 35(b) because she had provided substantial assistance. It requested a one-level sentence reduction, describing her new effective range as 100 to 125 months. The Court granted the motion and reduced Defendant's sentence to 100 months' imprisonment.

After her resentencing, the Sentencing Commission issued Amendment 821, made retroactive via Amendment 825. Amendment 821 lowered Defendant's criminal history category

from IV to III, yielding a range for the underlying drug offense of 46 to 57 months, before the statutory minimum of 60 months applied. With the consecutive 60-month term of imprisonment for the firearm offense running consecutively to the underlying drug offense, her new Guideline range would have been 106-117 months. But, once again, her mandatory minimum sentence of 120 months was not changed by the Amendment to the Guidelines.

Thereafter, Defendant filed a pro se motion to reduce her sentence. She argued that her substantial assistance reduction removed the mandatory minimums, so the Court should have considered her amended Guideline range of 106 to 117 months' imprisonment. She argued her new Guidelines range after the Amendment to be 86 to 97 months' imprisonment based on her substantial assistance. The Court had given her a 20-month reduction for her substantial assistance previously.

The Court denied relief, reasoning that the mandatory minimums kept her Guidelines range unchanged. The Sixth Circuit reversed. It held that the Court had based the Rule 35(b) reduction based on a Guidelines range and that USSG § 1B1.10(c) required recalculating the amended range without applying the statutory minimums. Hilton's amended aggregate range is 106 to 117 months, down from 120 to 131 months. *Hilton,* 190 F.4th at 482–84. The Sixth Circuit left the question whether to grant a reduction to this Court.

## II. ANALYSIS

Section 3582(c)(2) authorizes a court to reduce a sentence when a defendant "has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment. 18 U.S.C. § 3582(c)(2) (emphasis added). It calls for two steps: calculate the amended range and determine whether a reduction is authorized; then consider the relevant § 3553(a) factors and decide whether

a reduction is actually warranted. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). The first step in this case has been answered by the Sixth Circuit. It concluded that Amendment 821 lowers Defendant's guideline range to 106 to 117 months' imprisonment.

Ordinarily, a reduction cannot fall below the amended range. U.S.S.G. § 1B1.10(b)(2)(A). But a defendant who has received a downward departure motion for substantial assistance may receive a comparably lower term. U.S.S.G. § 1b1.10(b)(2)(B). The Government's motion under Rule 35(b) requesting a reduction in Defendant's range from 120 months to 100 months permits the Court to consider a further reduction, even though she is already serving less than 106 months. The new term cannot be less than time served. *Id.* § 1B1.10(b)(2)(C).

The Government acknowledges that the Court has discretion to grant that request and reduce her sentence, but states that the Court could reasonably exercise its discretion and decline to grant the request based on the severity of her offenses and her post-sentence conduct. *See* U.S.S.G. § 1B1.10, cmt. 1(B).

Defendant's post-sentencing conduct has been mixed. Her disciplinary record reflects three infractions on two separate occasions; however, these were for relatively minor incidents—possession of a piece of gum, and getting a piercing that had not been cleared by medical. The most recent infraction occurred in June 2023. While incarcerated, Defendant completed 89 hours of educational or vocational programming in addition to three college courses at Maricopa Community College. She also completed the Bureau of Prison's non-residential drug abuse treatment program and drug education course. Additionally, she has performed well since her transfer to a halfway house and while on home confinement. She has passed every drug screen and has maintained stable employment.

Accordingly, upon consideration of Defendant's post-conviction behavior and the 3553(a)

factors, the Court finds that a sentence reduction is appropriate as a result of a change in her amended guideline range. After having reviewed the PSR, it is the judgment of the Court that Defendant's sentence should be **REDUCED** to **time served** based on Defendant's motion requesting a reduction pursuant to Amendment 821.

## III. CONCLUSION

For the reasons stated herein, Defendant's pro se Motion to Reduce Sentence [Doc. 80] is **GRANTED** and Defendant's sentence is **REDUCED** to **TIME SERVED**, effective **November 25, 2026.** Defendant's Motion for Time to Respond [Doc. 116] is **DENIED AS MOOT**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge